QIANWU YANG  (Cal. Bar No. 336610)
yang@shm.law
YI YI (Cal. Bar No. 353482)
yi.yi@shm.law
Aoyu Yang  (Cal. Bar No. 360674)
yang.aoyu@shm.law
**SHM LAW FIRM**
3000 El Camino Real
Building 4, Suite 200
Palo Alto, CA 94306
Telephone: (650) 613-9737
Telephone: +8613925212009

*Attorneys for Plaintiff*
*Shenzhen Tao Yi An E-Commerce Co., Ltd.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Shenzhen Tao Yi An E-Commerce Co., Ltd., <br><br>            Plaintiff, <br><br>            v. <br><br> SharkNinja Operating LLC, <br><br>            Defendant. | **COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF** <br><br> DEMAND FOR JURY TRIAL |

Plaintiff Shenzhen Tao Yi An E-Commerce Co., Ltd. (d/b/a STERAYS Mall, hereinafter "Plaintiff") files this Complaint for Declaratory Judgment of Non-infringement against Defendant SharkNinja Operating LLC ("Defendant"). In support of its complaint, Plaintiff alleges as follows:

## NATURE OF THE ACTION

1. This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and the United States Patent Act, 35 U.S.C. § 1 et seq.

2. Plaintiff seeks declaratory judgments that U.S. Patent No. 12,279,629 (the "'629 Patent") is not infringed by Plaintiff's products (the "Non-Infringing Slushy Machines"), including but not limited to all products among Plaintiff's offerings as identified in Paragraph 15 below. A true and correct copy of the '629 Patent is attached hereto as Exhibit 1.

3. Plaintiff brings this action in view of the actual controversy created by Defendant under the '629 Patent. Defendant has asserted a patent infringement claim against the Non-Infringing Slushy Machines to Amazon, causing Amazon to remove Plaintiff's listings for the Non-Infringing Slushy Machines on Amazon.com.

## PARTIES

4. Plaintiff Shenzhen Tao Yi An E-Commerce Co., Ltd. is a Chinese corporation with its principal place of business at Unit 606, Building 22, Tiedong Residential Complex, No. 59 Beizhan Road, Sungang Subdistrict, Luohu District,

1  Shenzhen, Guangdong Province, China.

2      5.    Upon information and belief, SharkNinja Operating LLC is a limited
3  liability company with its principal place of business located at 89 A Street, Suite
4  100, Needham, Massachusetts 02494.

5  **JURISDICTION AND VENUE**

6      6.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 2201,
7  2202, 1331, and 1338(a) because this action arises under the laws of the United
8  States, including the Patent Act, 35 U.S.C. § 100 et seq.

9      7.    An actual case or controversy exists between the parties. Defendant
10 filed a patent infringement complaint with Amazon, which resulted in the removal
11 of Plaintiff's Non-Infringing Slushy Machines from Amazon and caused significant
12 financial loss. Defendant's actions thereby give rise to an actual controversy under
13 28 U.S.C. §§ 2201 et seq.

14     8.    This Court has personal jurisdiction over Defendant as Defendant has
15 purposefully directed enforcement activities toward this judicial district. Specifically,
16 Defendant submitted a complaint to Amazon alleging that Plaintiff's product
17 infringed its intellectual property rights, which resulted in the removal of Plaintiff's
18 product listing and the cessation of sales, including in California. These actions have
19 caused significant financial harm to Plaintiff in this district and elsewhere, giving
20 rise to a controversy under 28 U.S.C. §§ 2201 et seq.

1   9. Defendant also engages in commerce within California, including
2  advertising, marketing, distribution, and sales of goods bearing the asserted
3  intellectual property rights, thereby establishing sufficient contacts to render the
4  exercise of jurisdiction reasonable and proper.

5   10. For example, as of the date of this filing, Defendant's official website
6  publicly lists multiple operational locations in California, including Chino and Irvine.
7  By targeting California consumers and enforcing its intellectual property rights in a
8  manner that directly impacts Plaintiff's business within this district, Defendant is
9  subject to specific personal jurisdiction.

10   11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2)
11  because a substantial part of the events giving rise to Plaintiff's claims occurred in
12  this district.

13   12. Defendant's enforcement actions, including its complaint to Amazon,
14  directly caused harm to Plaintiff's business operations in this district by removing its
15  primary product listing and obstructing its sales. Plaintiff conducts business in this
16  district, and its products are sold nationwide, including in California. Defendant's
17  actions have substantially interfered with Plaintiff's ability to conduct business
18  within this district, making venue proper.

19   13. Defendant directly targets business activities toward consumers in
20  California by operating multiple retail locations that offer goods to California

COMPLAINT FOR
DECLARATORY JUDGMENT         - 4 -
AND OTHER RELIEF

SHM LAW FIRM
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

residents and by asserting intellectual property claims that harm Plaintiff's business in this district. Defendant's enforcement actions against Plaintiff's slushy machine product jeopardize Plaintiff's business activities in California, justifying venue in this judicial district.

## FACTUAL BACKGROUND

**A.    Non-Infringing Slushy Machines**

14.    Plaintiff conducts business through a storefront on Amazon.com under the name "STERAYS Mall," offering slushy machines for sale.

15.    Plaintiff Shenzhen Tao Yi An E-Commerce Co., Ltd. operates the Amazon storefront STERAYS Mall, which sells slushy machines identified by Amazon Standard Identification Numbers (ASINs), including but not limited to B0DSLJDJK4.

16.    On or about May 23, 2025, ASIN B0DSLJDJK4 was removed from Amazon due to alleged infringement of the '629 Patent.

17.    As of the date of filing this Complaint, ASIN B0DSLJDJK4 remains unavailable on Amazon's platform due to Defendant's infringement complaint.

18.    The Amazon marketplace constitutes Plaintiff's primary sales channel into the United States. To remain competitive in the United States market for slushy machines, Plaintiff needs the Non-Infringing Slushy Machines listed in the Amazon marketplace. Amazon has removed the Non-Infringing Slushy Machines from the

1 marketplace, preventing Plaintiff from accessing its largest channel of trade because
2 of Defendant's alleged infringement complaint to Amazon. Thus, Defendant's
3 submission of an Amazon infringement complaint has caused immediate and
4 irreparable harm to Plaintiff.

**B.   The Patent-In-Suit**

19.   The '629 Patent lists SharkNinja Operating LLC as the applicant and assignee. See Ex. 1, '629 Patent, at 1.

20.   The '629 Patent, titled "Mixing vessel baffles for a drink maker," describes its purported invention as a mixing vessel comprising internal baffles configured to control slush flow within the chamber of a frozen drink maker.

21.   Claims 1, 13, and 20 are the only independent claims of the '629 Patent.

22.   Claim 1 requires:

> a curved sidewall defining a vessel chamber therein, wherein the vessel chamber includes a front, a rear, a right side, a left side, and a top;
>
> a corner baffle positioned at the front and the top of the vessel chamber on either the right side or the left side, wherein the corner baffle is configured to direct slush flow within the vessel chamber; and

COMPLAINT FOR
DECLARATORY JUDGMENT
AND OTHER RELIEF
- 6 -
**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

1        a front baffle positioned at the front of the vessel chamber
2        extending from the left side toward the right side across the top.
3   See Ex. 1 at 15:23–35.
4        23.    Claim 13 requires:
5        a curved sidewall defining a vessel chamber therein, wherein the
6        vessel chamber includes a front, a rear, a right side, a left side,
7        and a top;
8        a corner baffle positioned at the front and the top of the vessel
9        chamber on either the right side or the left side;
10       a side baffle extending laterally along the vessel chamber from
11       the front toward the rear; and
12       a front baffle positioned at the front of the vessel chamber
13       extending from the left side toward the right side across the top.
14  See Ex. 1 at 16:7–18.
15       24.    Claim 20 requires:
16       a mixing vessel comprising a curved sidewall defining a vessel
17       chamber having a front, a rear, a right side, a left side, and a top;
18       a housing with an upper housing section abutting the rear of the
19       mixing vessel;
20       a dasher arranged to rotate within the mixing vessel about an

COMPLAINT FOR
DECLARATORY JUDGMENT                - 7 -
AND OTHER RELIEF

SHM LAW FIRM
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

  axis; and

  a dispenser assembly at the front of the mixing vessel,

  wherein the mixing vessel comprises at least two internal baffles

  configured to control direct slush flow within the vessel chamber,

  the at least two internal baffles comprising a front baffle

  positioned at the front of the vessel chamber extending from the

  left side toward the right side across the top.

See Ex. 1 at 16:42–55.

## COUNT I

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 12,103,576

25. Plaintiff repeats and realleges each of the preceding paragraphs as if they are restated here and incorporates them by reference.

26. Plaintiff has not infringed and does not infringe any valid and enforceable claim of the '629 Patent either directly, contributorily, or by inducement, literally or under the doctrine of equivalents, including through the making, use, importation into the United States, sale, and/or offer for sale of Plaintiff's Non-Infringing Slushy Machines.

27. The Non-Infringing Slushy Machines do not infringe at least claims 1, 13, and 20 of the '629 Patent because the Non-Infringing Slushy Machines do not

include every limitation required by those claims. For example, the Non-Infringing Slushy Machines lack the limitation that "a front baffle positioned at the front of the vessel chamber extending from the left side toward the right side across the top."

28. Furthermore, the Non-Infringing Slushy Machines do not infringe at least claims 1 and 13 of the '629 Patent because the Non-Infringing Slushy Machines lack the limitation that "a curved sidewall defining a vessel chamber therein," and lack the limitation that "a corner baffle positioned at the front and the top of the vessel chamber on either the right side or the left side."

29. An actual and justiciable case or controversy therefore exists between Plaintiff and Defendant regarding whether the Non-Infringing Slushy Machines have infringed the claims of the '629 Patent. Declaratory relief is thus appropriate and necessary to establish that the making, using, importation, sale, or offer of sale of the Non-Infringing Slushy Machines do not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '629 Patent. Plaintiff is entitled to a judgment declaring that it has not infringed and will not infringe any claim of the '629 Patent.

## COUNT II

## State Law Unfair Competition – Cal. Bus. & Prof. Code § 17200

30. Plaintiff repeats and realleges each of the preceding paragraphs as if they are restated here and incorporates them by reference.

31. Defendant's acts, as set forth above, constitute unlawful, unfair, and/or fraudulent business practices as defined under California Business and Professions Code § 17200, et seq.

32. Defendant has acted unlawfully and unfairly by submitting baseless complaints to Amazon that resulted in the wrongful removal of Plaintiff's Non-Infringing Slushy Machine from Amazon.com.

33. By abusing Amazon's intellectual property enforcement procedures, Defendant caused significant disruption to Plaintiff's business operations, including the removal of the Non-Infringing Slushy Machine that does not infringe any valid intellectual property rights.

34. As a direct and proximate result of Defendant's unfair competition, Plaintiff has been, and continues to be, materially harmed in an amount to be proven at trial.

## COUNT III

### Tortious Interference

35. Plaintiff repeats and realleges each of the preceding paragraphs as if they are restated here and incorporates them by reference.

36. Plaintiff entered into the "Amazon Services Business Solutions Agreement" along with other agreements with Amazon and conducts business through a storefront on Amazon.com, and thus, Plaintiff enjoyed an economic

relationship with Amazon and Plaintiff's existing customers, with probability of future economic benefit to Plaintiff had Plaintiff's Non-Infringing Slushy Machine not been removed from the Amazon marketplace. Defendant knowingly and intentionally interfered with Plaintiff's valid and existing business relationships and expectancy of sales of its products, including the Non-Infringing Slushy Machine, via Amazon.com for an improper purpose and by improper means, causing Amazon to remove the ASIN for the Non-Infringing Slushy Machine.

37.     As a direct and proximate result of Defendant's tortious interference, Plaintiff has suffered damages, including significant losses in sales of the Non-Infringing Slushy Machine and other products, resulting in lost revenue and profits directly attributable to those lost sales.

38.     Defendant's actions have significantly harmed Plaintiff's business operations by substantially reducing product rankings on Amazon, which directly impacts Plaintiff's product reviews, ratings, and Amazon ranking, which results in lower product visibility in consumer searches and diminishes market presence.

39.     The reduced rankings and visibility have caused substantial losses in sales and profits. Additionally, they have led to increased warehousing and inventory holding costs due to reduced product turnover.

40.     These damages extend beyond lost revenue, causing harm to Plaintiff's goodwill and brand reputation, which are essential for maintaining

1 competitive standing in the market. The exact amount of these damages will be
2 proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A. A judgment declaring that the manufacture, use, offer for sale, sale, and/or importation of the Non-Infringing Slushy Machines have not infringed and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '629 Patent;

B. A permanent injunction enjoining Defendant from asserting the '629 Patent against Plaintiff's Non-Infringing Slushy Machines;

C. An award of monetary damages sufficient to compensate Plaintiff for Defendant's tortious conduct and unfair competition;

D. An order awarding Plaintiff's costs and reasonable attorney's fees as permitted by law; and

E. Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all claims and issues so triable.

1

2   DATED: June 3, 2025         **SHM LAW FIRM**

3                                By:   */s/ Qianwu Yang*
                                     QIANWU YANG  (Cal. Bar No. 336610)
4                                    yang@shm.law
                                     YI YI (Cal. Bar No. 353482)
5                                    yi.yi@shm.law
                                     Aoyu Yang  (Cal. Bar No. 360674)
6                                    yang.aoyu@shm.law
                                     **SHM LAW FIRM**
7                                    3000 El Camino Real
                                     Building 4, Suite 200
8                                    Palo Alto, CA 94306
                                     Telephone: (650) 613-9737
9                                    Telephone: +8613925212009

10                                   *Attorneys for Plaintiff*
                                     *Shenzhen Tao Yi An E-Commerce Co.,*
11                                   *Ltd.*

12

13

14

15

16

17

18

19

20

COMPLAINT FOR
DECLARATORY JUDGMENT                - 13 -
AND OTHER RELIEF

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737